IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TYRON TAYLOR,** | ) |
| | ) |
| **Plaintiff,** | ) 1:16-cv-01527-SCJ-LTW |
| | ) |
| v. | ) Judge Jones |
| | ) Magistrate Judge Walker |
| **EQUIFAX INFORMATION SERVICES, LLC,** | ) |
| **and USAA FEDERAL SAVINGS BANK,** | ) |
| | ) |
| **Defendants.** | ) |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. **Description of Case:**

    (a)  Describe briefly the nature of this action:

    **Plaintiff alleges that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681** *et seq.*

    (b)  Summarize, in the space provided below, the facts of this case:

    **Plaintiff:**

    **Plaintiff has alleged that USAA reported account information to Equifax that included the designation that Plaintiff was deceased; Plaintiff has further alleged that Equifax subsequently reported said information to third parties, both known and unknown. Plaintiff has alleged that being reported as deceased, despite being alive, has impeded his ability to obtain other sources of credit to his detriment and pecuniary loss.  Plaintiff disputed the inaccurate information; Plaintiff has alleged that Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information it reported to third-parties regarding Plaintiff's status and credit history and that both defendants**

1

failed to conduct a reasonable investigation into Plaintiff's dispute.

**Defendant, Equifax Information Services, LLC:**
This is an action for damaged brought by an individual consumer against Equifax Information Services LLC ("Equifax"), a consumer reporting agency as defined by 16 U.S.C. §1681a(f), for alleged violations of the FCRA. In February 2015, Equifax received one online dispute from Plaintiff regarding a deceased notation on his USAA Federal Savings Bank trade line. Plaintiff's dispute stated that he disputed the account status, but provided no documentation or explanation with regard his specific dispute as to the deceased code. Equifax reinvestigated Plaintiff's dispute with USAA Federal Savings Bank, who verified the account status as "deceased." Equifax timely notified Plaintiff of the reinvestigation results. Equifax denies Plaintiff's claims and denies that it caused any damages to Plaintiff, if Plaintiff has suffered any damages.

**Defendant, USAA Federal Savings Bank:**

Defendant USAA Federal Savings Bank ("USAA FSB") denies that it has in anyway violated the FCRA with respect to Plaintiff and that its actions were in compliance with the mandates of federal law. USAA FSB placed a telephone call to Plaintiff's telephone number, which was answered by an individual purporting to be the Plaintiff's brother. The individual indicated to USAA FSB that the Plaintiff had died in an automobile accident. USAA FSB contacted the Plaintiff's wife requesting confirmation of Plaintiff's passing. Mrs. Taylor did not dispute or otherwise indicate that the report of Plaintiff's passing was inaccurate. Plaintiff's wife stated that she could not discuss the matter at while at work. She was provided contact information for USAA FSB's Survivor Relations Team, but did not call back.

Following this initial communications, USAA FSB attempted to contact Mrs. Taylor numerous times by both telephone and written correspondence. USAA FSB requested further information including a copy of the death certificate, but USAA FSB received no response.

>**Seven months later, USAA FSB was contacted by Plaintiff stating that he was not deceased, but instead had been incarcerated. USAA FSB conducted an investigation into the matter and concluded that the previous report was fraudulent and corrected the reporting of Plaintiff as deceased.  USAA FSB maintains that at all times it acted reasonably and in a matter that fully complied with the FCRA including timely responses to disputes and conducting reasonable investigations into Plaintiff's dispute.**

(c)   The legal issues to be tried are as follows:

**Plaintiff:**

i.   Whether the procedures Equifax has in place are sufficient to assure maximum possible accuracy of the information it reports to third parties and whether Equifax followed said procedures;
ii.  Whether the defendants conducted a reasonable investigation into Plaintiff's dispute;
iii. Whether the defendants' actions or inactions were violative of the FCRA;
iv.  The nature and extent of Plaintiff's damages.
v.   Whether defendants' actions were willful, justifying an award of statutory and punitive damages.

**Defendant, Equifax Information Services, LLC:**

1)   Whether Plaintiff has stated any claims upon which relief may be granted;
(2)  Whether Plaintiff has established a claim against Equifax for negligent noncompliance with the FCRA;
(3)  Whether Plaintiff has established a claim against the Equifax for willful noncompliance with the FCRA;
(4)  Whether any causal links exist between Equifax's alleged actions and Plaintiff's alleged damages;
(5)  Whether Plaintiff is entitled to actual damages pursuant to the FCRA;
(6)  Whether Plaintiff is entitled to statutory damages pursuant to the FCRA;

**(7)** Whether Plaintiff is entitled to punitive damages pursuant to the FCRA;

**(8)** Whether Plaintiff is entitled to costs and attorneys' fees pursuant to the FCRA.

**Defendant, USAA Federal Savings Bank:**

**In addition to the matters identified by Plaintiff, any and all factual issues related to the affirmative defenses asserted by USAA FSB and all other potential defenses that could arise during the course of discovery.**

(d) The cases listed below (include both style and action number) are:

1) Pending Related Cases:

   None.

2) Previously Adjudicated Related Cases:

   None.

**2. This case is complex because it possesses one or more of the features listed below:**

\_\_\_\_\_ (1) Unusually large number of parties
\_\_\_\_\_ (2) Unusually large number of claims or defenses
\_\_\_\_\_ (3) Factual issues are exceptionally complex
\_\_\_\_\_ (4) Greater than normal volume of evidence
\_\_\_\_\_ (5) Extended discovery period is needed
\_\_\_\_\_ (6) Problems locating or preserving evidence
\_\_\_\_\_ (7) Pending parallel investigations or action by government
\_\_\_\_\_ (8) Multiple use of experts
\_\_\_\_\_ (9) Need for discovery outside United States boundaries
\_\_\_\_\_ (10) Existence of highly technical issues and proof
\_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

3. **Counsel:**
   The following individually-named attorneys are hereby designated as lead counsel for the parties:

   Plaintiff:
   **David Marco**
   **SMITHMARCO, P.C.**
   **20 South Clark Street, Suite 2120**
   **Chicago, IL 60603**
   *Admitted Pro hac vice*

   **Scott Fortas**
   **Fortas Law Group, LLC**
   **1934-B N. Druid Hills Rd.**
   **Atlanta, Georgia 30319**

   Defendant, Equifax Information Services, LLC:
   **Phyllis B. Sumner**
   **Meryl Roper**
   **Kendall W. Carter**
   **King & Spalding, LLP**
   **1180 Peachtree Street**
   **Atlanta GA 30309**

   Defendant, USAA Federal Savings Bank
   **Jody Charles Campbell**
   **Smita Gautam**
   **Rubin Lublin, LLC**
   **3145 Avalon Ridge Place, Suite 100**
   **Peachtree Corners, GA 30071**

4. **Jurisdiction:**
   Is there any question regarding this Court's jurisdiction?

   ____Yes __X__No

USAA Federal Savings Bank contends there is a question regarding this Court's jurisdiction.

5. **Parties to This Action:**
   (a) The following persons are necessary parties who have not been joined:

   **The parties do not anticipate the joinder of any other parties but reserve the right to supplement this response and to amend pleadings as permitted by the Federal Rules of Civil Procedure, the Local Rules of this Court, and any applicable law.**

   (b) The following persons are improperly joined as parties:

   **None.**

   (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

   **None.**

   (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

   **None.**

6. **Amendments to the Pleadings:**
   Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

   (a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

   **None anticipated at this time.**

   (b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times For Motions:**
   All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

   All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

   (a)   *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.
   (b)   *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.
   (c)   *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.
   (d)   *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. **Initial Disclosures:**
   The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

9. **Request for Scheduling Conference:**
   Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

   **A scheduling conference is not requested.**

10. **Discovery Period:**
    The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Plaintiff:**

  i. **Defendants' FCRA compliance policies and procedures,**
 ii. **Defendants' policies and procedures for investigating consumer disputes,**
iii. **Equifax's policies and procedures for preparing consumer reports,**
 iv. **Equifax's policies and procedures for distributing consumer reports to third parties,**
  v. **The facts and circumstances of Defendants' investigation into Plaintiff's dispute,**
 vi. **The reporting by Defendants to Plaintiff of the results of its investigation into Plaintiff's dispute,**
vii. **Any and all communications between Plaintiff and Defendants,**
viii. **Communications between Defendants and third parties relative to Plaintiff's dispute,**
 ix. **Details of the commercial relationship between Equifax and USAA.**

**Defendant, Equifax Information Services, LLC:**

**(1)** Facts and circumstances surrounding each and every allegation in Plaintiff's Complaint;
**(2)** Plaintiff's alleged damages;
**(3)** Plaintiff's financial and consumer history;
**(4)** All communications between Plaintiff and the CRAs and/or any representatives of the CRAs;
**(5)** All communications between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint;
**(6)** Discovery necessitated by discovery sought by Plaintiff.

**Defendant, USAA Federal Savings Bank:**

i. Plaintiff's relationship with Timmisha Taylor and communications between Plaintiff and Mrs. Taylor regarding Plaintiff's USAA FSB accounts,
ii. Plaintiff's relationship with James Murray and communications between Plaintiff and Mr. Murray regarding Plaintiff's USAA FSB accounts,
iii. Circumstances surrounding Plaintiff's incarceration and the management of his financial affairs during the incarceration.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties anticipate that additional time beyond the four (4) month allotted time for discovery will be required as the parties anticipate that considerable third-party fact discovery will be necessary relative to Plaintiff's claim of damages and further that expert witnesses will need to be retained, disclosed and deposed in this matter. While four (4) months may be sufficient to complete fact discovery, the parties respectfully request an additional three (3) months to complete expert discovery**

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

    (a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

    **Equifax requests that the number of Requests for Admission and Requests for Production of Documents be limited to 40 in number as purported by any party upon any other party.**

    (b) Is any party seeking discovery of electronically stored information?
    _____X___ Yes _____ No

    If "yes,"

1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

   **The parties agree that any information responsive to a discovery request that is stored electronically shall be printed and produced as retained by the producing party in the ordinary course of business, subject to any claim of privilege. For any such claim of privilege, the parties agree that the producing party shall provide a privilege log describing in detail the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing the information over which the claim of privilege or protection is asserted, will enable other parties to assess the claim.**

2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

   **All electronically stored information shall be produced in .pdf format, served via either email or on disk. The parties do not anticipate the need for the production of ESI in native format or any metadata.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

## 12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**Electronic Service of Discovery: The parties agree that, pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers, including discovery requests, may be served**

**by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be either Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, then the sending party shall promptly (within three (3) business days of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.**

**Exhibits: The parties agree to use a unified exhibit numbering system for any depositions to be taken by either party in this matter.**

13. **Settlement Potential:**

    (a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on August 4, 2016, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

    For plaintiff: Lead counsel (signature): /s David M. Marco

    For defendant Equifax Information Services, LLC: Lead counsel (signature): /s Phyllis B. Sumner

    For defendant USAA Federal Savings Bank: Lead counsel (signature): /s Jody Charles Campbell

    (b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

    (_____) A possibility of settlement before discovery.
    (__x___) A possibility of settlement after discovery.
    (_____) A possibility of settlement, but a conference with the judge is needed.
    (_____) No possibility of settlement.

11

(c) Counsel(_____) do or (__X____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is __TBD_____, 2016.

(d) The following specific problems have created a hindrance to settlement of this case.

**None have thus far been identified.**

## 14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 2016.

(b) The parties (_____) do not consent to having this case tried before a magistrate judge of this Court.

| For Plaintiff,<br>**Tyron Taylor** | For Defendant,<br>**Equifax Information Services, LLC** |
|---|---|
| /s David M. Marco | /s with consent Kendall W. Carter |
| David M. Marco<br>SmithMarco, P.C.<br>20 South Clark Street, Suite 2120<br>Chicago, IL 60603<br>Telephone:  (312) 546-6539<br>Facsimile:   (888) 418-1277<br>E-Mail:  dmarco@smithmarco.com<br>*Admitted Pro Hac Vice* | Kendall W. Carter<br>King & Spalding, LLP<br>1180 Peachtree Street<br>Atlanta GA 30309<br>Telephone:  (404) 572-2495<br>Facsimile:   (404) 572-5100<br>E-Mail:       kcarter@kslaw.com |
| Scott Fortas<br>Fortas Law Group, LLC<br>1934-B N. Druid Hills Road<br>Atlanta GA 30319<br>Telephone:  (404) 315-9936<br>Facsimile:   (404) 636-5418<br>E-Mail:       sfortas@fortaslaw.com | **For Defendant,**<br>**USAA Federal Savings Bank**<br><br>  /s with consent Jody Charles Campbell<br>Jody Charles Campbell<br>Rubin Lublin, LLC<br>3145 Avalon Ridge Place, Suite 100<br>Peachtree Corners, GA 30071<br>Telephone:  (770) 246-3324<br>Facsimile:   (404) 601-5458<br>E-Mail:  jcampbell@rubinlublin.com |

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2016.

_____
UNITED STATES DISTRICT JUDGE